UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAJA OUPHTHAME,<br><br>                  Plaintiff,<br><br>       vs.<br><br>SCOTT FRAUENHEIM, et al.,<br><br>                  Defendants. | **1:20-cv-01137-NONE-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDER (ECF No. 8.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS**<br><br>**ORDER FOR CLERK TO SEND PLAINTIFF AN APPLICATION TO PROCEED *IN FORMA PAUPERIS* FOR A NON-PRISONER** |

I.      BACKGROUND

        Laja Ouphthame ("Plaintiff") is a former state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on August 14, 2020.  (ECF No. 1.)

        On August 20, 2020, the court issued an order for Plaintiff to either file an application to proceed *in forma pauperis*, or pay the $400.00 filing fee, within 30 days.  (ECF No. 4.)  The court provided Plaintiff with a form application to proceed *in forma pauperis*, however the form was not the appropriate form for a non-prisoner.  (Id.)  On September 16, 2020, Plaintiff submitted the application to proceed *in forma pauperis* which had been sent to her.  (ECF No. 5.)  But as noted above, the application was not on the appropriate form for a non-prisoner.

On October 8, 2020, the court issued an order for Plaintiff to submit a new application to proceed *in forma pauperis* on the appropriate form for a non-prisoner, or to pay the $400.00 filing fee, within thirty days.  (ECF No. 8.)  The court provided Plaintiff with the appropriate form application for a non-prisoner.  (Id.)  The thirty-day time period has now expired and Plaintiff has not submitted the new application, paid the filing fee, or otherwise responded to the court's order.  Therefore, Plaintiff failed to comply with the court's October 8, 2020 order.

## II.   DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since August 14, 2020.  Plaintiff's failure to comply with the court's order may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not resolve payment of the filing fee for her lawsuit.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal."  Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to pay the filing fee or submit the appropriate application to proceed *in forma pauperis* that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources.  Given that Plaintiff is a

prisoner proceeding *pro se* who has not paid the filing fee for this action, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

## III.    CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the court's order of October 8, 2020.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

In place of filing objections, Plaintiff may instead file the appropriate application to proceed *in forma pauperis* for a non-prisoner **within fourteen (14) days**. The clerk shall be directed to send the appropriate form application to Plaintiff with these findings and recommendations.

IT IS SO ORDERED.

Dated:   **January 6, 2021**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

3